## Elijah Davis, in Review, *versus* Ichabod Allen.

After a commission to take a deposition in another State has issued, with interrogatories filed on both sides, it is doubtful whether the party taking out the commission is at liberty to cause the deposition to be taken without reference to the commission. But if this is allowable, he must prove, that he has elected to suppress the commission and take the deposition in the mode provided by statute, that he has given notice thereof to the other party, that the person taking the deposition was duly qualified, and that the other party had notice of the time and place of taking.

A deposition taken under a commission is not admissible in evidence, unless it appear by the certificate of the commissioner, that the interrogatories annexed to the commission were propounded to the deponent, and that the deposition was taken in pursuance of the commission.

ASSUMPSIT. At the trial, before *Morton* J., the plaintiff offered in evidence the deposition of Asa Anderson. This deposition, which was sealed up and directed to the Court, purported to be taken by a justice of the peace in the State of Vermont, and was enclosed in an envelope, together with a commission for taking the testimony of Anderson. The envelope was also sealed and addressed to the Court.

The commission, which was issued by the clerk in vacation, and was addressed to any justice of the peace &c. in the county of Rutland in Vermont, authorized and requested the justice to examine Anderson particularly in answer to the interrogatories and cross-interrogatories annexed to the commission.

In the caption, which was in common form, it was certified that the plaintiff was present at the taking of the deposition ; and that the defendant had no notice of, and was not present at the taking ; and no reference was expressly made to the commission, or the interrogatories or cross-interrogatories annexed thereto, either in the caption or deposition.

The defendant objected to the admission of this deposition :

1. Because it was not proved that the person by whom the deposition was taken, was a justice of the peace or authorized to take depositions.

2. Because, by the caption and certificate of the supposed justice, it appeared, that the defendant had no notice of, and was not present at, the taking of the deposition.

3. Because it did not appear, by the deposition or caption

Davis
v.
Allen.

that the deposition was taken by virtue of, or in conformity with the commission.

4. Because it did not appear in any part of the deposition, that either the interrogatories or cross-interrogatories had been propounded to the deponent, or that they had been severally answered by him, as required by the commission.

The deposition was notwithstanding admitted.

The jury returned a verdict for the plaintiff. The defendant moved for a new trial, on the ground of the admission of the deposition.

*Oct. 2d.*    *Merrick* and *W. S. Hastings*, for the defendant, contended, that the deposition was not admissible, either as taken under *St.* 1797, *c.* 35, § 6, or under the 11th rule of this Court, contained in 16 Mass. R. 373. They cited *Barnes* v. *Ball*, 1 Mass. R. 73 ; *St.* 1817, *c.* 181 ; *Haynes* v. *Morgan*, 3 Mass. R. 208 ; *Thompson* v. *Hatch*, 3 Pick. 512 ; *Bailis* v. *Cochrane*, 2 Johns. R. 417.

*J. Davis*, *C. Allen*, and *Washburn*, for the plaintiff, said that, in fact, the deposition contained answers to all the interrogatories and cross-interrogatories and nothing more, and that it was manifestly taken in reference to the commission. They cited *The King* v. *Kingston*, 8 East, 41 ; *Ex parte Swartwout*, 4 Cranch, 431.

*Oct. 5th.*    SHAW C. J. delivered the opinion of the Court. The only question in the present case is, whether the deposition, taken in the manner and under the circumstances stated in the report, was admissible ; and the Court are of opinion that it was not.

It is not admissible as a deposition taken under the general law. After a commission has issued, with interrogatories filed on both sides, it is, to say the least, doubtful whether a party is at liberty to go and take the deposition without reference to the commission. But if allowable at all, it should be held to the strictest rules of law. The party must not only show that he has elected to suppress the commission, and take the deposition in the mode provided by statute, and given notice thereof to the other party, but he should be held to prove that the person taking it was a magistrate duly qualified to take depositions, and that the adverse party had actual and full notice of the time and place of taking.

As a deposition taken under the commission, it is not admissible, because though returned under the same envelope with the commission, it does not appear that the interrogatories annexed to the commission were propounded. It should appear affirmatively, and under the certificate of the commissioner, that it was taken in pursuance of the commission. It is not sufficient, that the Court may conjecture from the contents of the deposition, that the interrogatories were put to the witness ; being upon the same general subject of inquiry, there might naturally be a resemblance, in the subject matter, although the interrogatories of the commission were never put to the deponent.

*New trial ordered.*